HURLEY, Judge,
dissenting.
Florida’s insurance code is an organic statutory enactment with numerous interdependent and interrelated provisions. Indeed, its provisions are so entwined that I believe it can be accurately said that Mr. Collier’s uninsured motorist claim against Allstate sufficiently implicated section 627.-737 so as to trigger the mandatory joinder provision of section 627.7403. Therefore, I cannot agree with the majority; I would hold that Mrs. Collier’s derivative claim is barred due to her failure to join her claim with that of her husband.
Section 627.727, Florida Statutes (1981) is a general provision which pertains to uninsured motorist coverage. Subsection 7 incorporates another statute (section 627.-737(2)) and establishes four threshold requirements, one of which must be satisfied to recover damages in tort involving uninsured motorists. Section 627.727(7) provides as follows:
The legal liability of an uninsured motorist coverage insurer shall not include damages in tort for pain, suffering, mental anguish, and inconvenience unless the injury or disease is described in one or more of paragraphs (a) through (d) of s. 627.737(2).
Thus, to recover from Allstate, Mr. Collier had to satisfy one of the requirements of section 627.737(2), Florida' Statutes (1981). They include:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
Since the arbitrators ruled in favor of Mr. Collier, it is reasonable to assume that he *382 satisfied at least one of the above threshold requirements. Accordingly, in my view, Mr. Collier’s claim qualified as an “action brought pursuant to the provisions of section 627.737 _” This, of course, triggers section 627.7403, Florida Statutes (1981), which provides as follows:
In any action brought pursuant to the provisions of s. 627.737 claiming personal injuries, all claims arising out of the plaintiff’s injuries, including all derivative claims, shall be brought together, unless good cause is shown why such claims should be brought separately.
Since Mrs. Collier’s derivative claim for loss of consortium resulted from the injuries sustained by her husband in the initial automobile accident, she is bound by the mandatory language of section 627.7403. Absent a waiver by Allstate, which has not been demonstrated, or “good cause,” which Mrs. Collier has not attempted to prove, her derivative action should be barred due to her failure to comply with the statute.